IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SUPERIOR BULK LOGISTICS, INC.   )
d/b/a CARRY TRANSIT,            )   2:11-cv-02282-GEB-KJN
                                )
          Plaintiff,            )
                                )   ORDER
     v.                         )
                                )
TANK CLEANING TECHNOLOGY, LLC   )
and PATRICK B. LYNCH,           )
                                )
          Defendants.           )
_____)
```

On September 12, 2011, Plaintiff filed an "Application for Right to Attach Order and for Issuance of Writ of Attachment" and an "Ex Parte Application for an Order Shortening Time for Hearing[.]" (ECF Nos. 8, 12.) Plaintiff "requests that the hearing on the application for a right to attach order and writ of attachment be set on or about September 16, 2011." (Mem. of P. & A. 1:23-25, ECF No. 13.)

Plaintiff contends this matter should be heard on shortened time since "plaintiff will suffer great or irreparable harm . . . because there is a danger that the property sought to be attached will be concealed, substantially impaired in value, and/or made unavailable to levy." (Pl.'s Ex Parte Appl. 1:28-2:3, ECF No. 12.) Plaintiff argues that it "understands that [Defendants] . . . are currently performing work for a third party in or around Stockton, California" and it "seeks an order of attachment with respect to any accounts receivable earned

with respect to the Stockton Project . . . [h]owever, [Plaintiff] is concerned that the Stockton Project may be completed (or abandoned) by Defendants in the next several weeks[.]" (Mem. of P. & A. 2:7-13.)

Plaintiff supports its request for an order shortening time with the declaration of James E. Backmon, the President of Superior Bulk Logistics. (ECF No. 14.) Blackmon declares he "learned [Defendant] has performed and is presently performing work [in] . . . Stockton, California." (Decl. of Blackmon ¶ 3.) He further declares that Defendant's work "will not take much longer to complete[.]" Id. Blackmon also declares: "It is also my understanding that [Defendant's] financial situation is precarious and that [Defendant's] account receivable with . . . money that [Defendant] has been paid [for the Stockton Project] may be [Defendant's] only asset that is subject to attachment in California." Id. ¶ 4.

Plaintiff also submitted the declaration of its attorney, Jiyun Lee, who declares:

> I arranged for hand delivery on defendant Patrick Lynch, President of defendant Tank Cleaning Technology LLC . . . in Stockton, CA of the Summons and Complaint in this action, as well as various documents notifying Defendants of Plaintiff's intent to apply, ex parte, for an order shortening time on the application for a right to attach order and for issuance of a writ of attachment.

(Dec. of Lee ¶ 2, ECF No. 15.) Lee also declares Lynch "stated that he would be meeting with an attorney on the morning of Wednesday, September 14, 2011, and that his attorney would contact [Lee] regarding the scheduling of any hearing following that meeting." Id. ¶ 3.

While Plaintiff has justified the issuance of an order shortening time, Blackmon's vague averment that Defendant's work in Stockton "will not take much longer to complete" does not adequately

1 | explain why the hearing needs to take place two days from now, on
2 | Friday September 16, 2011. However, Plaintiff's "Ex Parte Application
3 | for an Order Shortening Time" is GRANTED, and the hearing on Plaintiff's
4 | Application for Right to Attach Order and for Issuance of Writ of
5 | Attachment" will be heard at 1:30 p.m. on Friday September 23, 2011.
6 | Plaintiff shall provide Defendants with a copy of this Order
7 | immediately.
8 |     Any opposition brief shall be filed by 5:00 p.m. on Monday
9 | September 19, 2011. Any reply brief shall be filed by 1:00 p.m. on
10 | Wednesday September 21, 2011. Further, a proposed order shall be filed
11 | with each filing. If Defendant fails to file an opposition, Plaintiff
12 | shall nevertheless file a proposed order on the date its reply would
13 | have been filed.

Dated:   September 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge