IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUPERIOR BULK LOGISTICS, INC.
d/b/a/ CARRY TRANSIT,

      Plaintiff,

    v.

TANK CLEANING TECHNOLOGY, LLC
and PATRICK B. LYNCH,

      Defendants.

No. 2:11-cv-02282 GEB KJN

<u>ORDER</u>

Presently before the court is plaintiff's motion for default judgment, which seeks monetary damages arising from alleged breaches of several contracts by defendant Tank Cleaning Technology, LLC ("TCT"), and from alleged conversion by defendant Patrick B. Lynch ("Lynch") as the sole member of TCT.[1]  (Mot. for Default J., Dkt. No. 34.)

Plaintiff's motion for default judgment was set to be heard on the court's law and motion calendar on January 5, 2012.  On that date, attorney Jiyun Lee appeared telephonically on behalf of Superior Bulk Logistics, Inc., d/b/a/ Carry Transit ("Carry Transit" or "plaintiff").  No appearance was made by or on behalf of either defendant.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1	During the hearing, plaintiff's counsel informed the court that on the preceding
2	evening around 11:30 p.m., she received notification from defendant Lynch's bankruptcy
3	counsel, Phil Rhodes, that defendant Lynch had filed a Chapter 7 bankruptcy petition in the
4	Eastern District of California bankruptcy court.  Plaintiff informed the court that the case number
5	for defendant Lynch's bankruptcy filing is 2012-20136.  Mr. Rhodes represented to plaintiff's
6	counsel that defendant TCT does not have a bankruptcy action pending.  After the hearing,
7	plaintiff's counsel filed a declaration confirming the above.  (Declaration of Jiyun Cameron Lee
8	("Lee Decl."), Dkt. No. 39.)

9	A review of the electronic docket for defendant Lynch's pending bankruptcy
10	action reflects that Lynch filed his bankruptcy petition on January 4, 2012 — one day before
11	plaintiff's Motion for Default Judgment was set to be heard in this action.

12	Also during the hearing, plaintiff's counsel expressed concern about proceeding
13	with plaintiff's pending Motion for Default Judgment solely against defendant TCT during the
14	pendency of defendant Lynch's bankruptcy matter, given plaintiff's understanding that defendant
15	Lynch is the sole owner of TCT.  Rather than withdrawing the Motion for Default Judgment,
16	plaintiff's counsel also expressed plaintiff's preference to have the motion remain pending in this
17	action despite the likelihood of an automatic bankruptcy stay.

18	Accordingly, IT IS HEREBY ORDERED that:

19	1.	In light of the automatic stay likely arising from defendant Lynch's
20	bankruptcy filing of January 4, 2012, the undersigned takes plaintiff's Motion for Default
21	Judgment (Dkt. No. 34) under submission at this time.

22	2.	Attorneys for *all parties* have the obligation to continue to keep the court
23	apprised of the status of defendant Lynch's bankruptcy, and shall promptly inform the court as to
24	whether plaintiff's Motion for Default Judgment (Dkt. No. 34) is withdrawn, will be resolved in
25	connection with the bankruptcy matter, and/or whether the bankruptcy matter has been
26	concluded.

3. The Clerk of the Court shall serve this order upon plaintiff's counsel *and* upon defendant Lynch's bankruptcy counsel, attorney Philip Rhodes, at the following address:

>Philip J. Rhodes
>P.O. Box 2911
>Fair Oaks, CA 95628

IT IS SO ORDERED.

DATED: January 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE